

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2003

# USA v. Love

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Love" (2003). *2003 Decisions.* Paper 462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2791

UNITED STATES OF AMERICA

v.

SHAYNE LOVE,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 98-cr-00452-1
District Judge:  The Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2003

Before: BARRY, FUENTES, Circuit Judges, and McLAUGHLIN,* District Judge

(Opinion Filed:  June 13, 2003 )

OPINION

---

*Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

On October 28, 1999, appellant Shayne Love pled guilty to a one-count indictment charging him with conspiracy to distribute and to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. Love's plea agreement with the government stipulated that the reasonably foreseeable weight of the total heroin involved in the charged conspiracy was between one and three kilograms, and that the applicable guideline for the offense charged was section 2D1.1 of the United States Sentencing Guidelines. Love's plea agreement further acknowledged that the sentence to be imposed was within the sole discretion of the sentencing judge and could be up to a maximum of forty years imprisonment and a $2,000,000 fine. On the last page of the plea agreement, Love signed a statement that he had received the plea agreement from his attorney, had read it, and fully understood it.

At his sentencing hearing on September 14, 2001, Love objected to the Presentence Report ("PSR"), arguing that although he had intended to plead guilty, he had not intended to stipulate that the charged conspiracy involved between one and three kilograms of heroin, as stated in the plea agreement. Love also requested a downward departure based on the harsh conditions of his pre-trial confinement at the Camden County Jail. After considering Love's arguments, the District Court found that he had knowingly entered into the challenged stipulation, and that the PSR had thus correctly calculated his offense level as 35. The District Court also found, after questioning Love

2

about the conditions of his pre-trial confinement, that it was not so harsh or inappropriate as to warrant a downward departure, but did take the issue into consideration in determining Love's sentence within the applicable Guideline range. The District Court then sentenced Love to 230 months of imprisonment, a $5,000 fine, four years of supervised release and a special assessment of $100.

Because Love entered an unconditional guilty plea on the record in open court, his arguments on appeal are limited to challenging the jurisdiction of the District Court, the validity of the plea, and the legality of the sentence imposed. See United States v. Broce, 488 U.S. 563, 569 (1989). The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Our review of the record, just as the review of appellate counsel who has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and moved to withdraw, indicates that Love's guilty plea was knowing and voluntary and that the District Court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in accepting the plea. There is simply no evidence proffered by Love that would suggest that his own statement in the plea agreement that he understood the agreement and accepted its terms was unreliable or incorrect, including the stipulation that the charged conspiracy involved between one and three kilograms of cocaine.

It follows from this conclusion that Love's 230 month sentence was proper. Section 2D1.1 of the Guidelines clearly indicates that the appropriate offense level for a drug conspiracy involving between one and three kilograms of heroin is 32. Given

3

Love's stipulations in the plea agreement, the District Court correctly applied both a three level enhancement for supervising more than five participants in the conspiracy pursuant to section 3B1.1 of the Guidelines, and a three-level reduction for acceptance of responsibility, resulting in a final offense level of 32 and a sentencing range of 210-262 months of imprisonment after factoring in Love's criminal history category.

Finally, we do not have jurisdiction to review the District Court's discretionary denial of Love's motion for a downward departure for what he alleged were particularly harsh conditions of pretrial confinement. See 18 U.S.C. § 3742; United States v. Ruiz, 536 U.S. 622, 627 (2002). The District Court expressly recognized its discretion to downwardly depart, and declined to do so.

Because our independent review of the record shows no additional non-frivolous issues, the judgment of the District Court will be affirmed and counsel's motion to withdraw will be granted.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

 /s/ Maryanne Trump Barry
Circuit Judge

4